UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PETER H., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 1:23-cv-00132-NT |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant | ) |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal asks the Court to affirm the Commissioner's finding that he was disabled between October 28, 2019, and January 21, 2021, and reverse the finding that his disability ceased as of January 22, 2021, four days after he underwent heart surgery.  *See* Plaintiff's Brief (ECF No. 9) at 1, 7-14.[1]  The Commissioner does not raise any objection to affirming the finding of a closed period of disability but argues that that the finding that the Plaintiff's disability thereafter ceased is supported by substantial evidence.  *See generally* Commissioner's Brief (ECF No. 10).  For the reasons discussed below, I conclude that the ALJ's determination that the Plaintiff regained the residual functional capacity (RFC) to work as of January 22, 2021, is unsupported by substantial evidence.  I therefore recommend that the Court vacate

---

[1] The Plaintiff also requested that the Court reverse the Commissioner's finding that he was not disabled from May 1, 2019, through October 27, 2019. *See* Plaintiff's Brief at 1. However, the Plaintiff omitted any argument on that point from his brief, *see id*. at 7-14, and at oral argument his counsel confirmed that he does not press it.

1

that portion of the decision and remand the case for further proceedings on that point, and otherwise affirm the decision.

## I. Background

The ALJ found, in relevant part, that (1) the Plaintiff had disabling impairments of cardiomyopathy and coronary artery disease from October 28, 2019, through January 21, 2021, *see* Record at 28-35; (2) medical improvement occurred on January 22, 2021, that was related to the Plaintiff's ability to work, enabling him as of that time to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *see id*. at 35-36; (3) the Plaintiff was capable as of January 22, 2021, of performing past relevant work as an Assembler, Production, *see id*. at 39, and (4) the Plaintiff's disability therefore ended beginning on January 22, 2021, and he was not disabled through the date of the decision, December 22, 2021, *see id*. at 41. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id*. at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's

findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

The Commissioner may terminate a claimant's disability benefits upon "a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if," as relevant here, "such finding is supported by . . . substantial evidence which demonstrates that . . . there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work)" and "the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1).

The Plaintiff contends that, in this case, both of the ALJ's key findings—that he experienced medical improvement and that he had the RFC to perform a full range of light work as of January 22, 2021, four days after he "underwent a successful coronary artery stent placement procedure on January 18, 2021," Record at 35-36—are unsupported by substantial evidence. Plaintiff's Brief at 7-14. I conclude that the ALJ's finding that the Plaintiff had the RFC to perform a full range of light work as of that date is unsupported by substantial evidence, requiring reversal and remand. As such, I need not consider the ALJ's finding of medical improvement.

The record before the ALJ contained three expert assessments of the Plaintiff's RFC, two predating his January 18, 2021, stent surgery and one postdating it. *See* Record at 38-39. On December 31, 2019, agency nonexamining consultant Archibald Green, D.O., found that the Plaintiff had no severe physical impairments. *See id.* at 38. On March 28, 2020, agency nonexamining consultant James Hall, M.D., found a severe physical impairment related to chronic ischemic heart disease and deemed the Plaintiff capable of the full range of light exertional work. *See id.* Finally, on April 14, 2021, treating cardiologist Jims Jean-Jacques, D.O., stated that the Plaintiff had chest pain and shortness of breath but no anginal pain and no longer had a marked limitation of physical activity, *see id.* at 892, but had several functional limitations, *see id.* at 893-95, including that he would experience "cardiac symptoms . . . severe enough to interfere with attention and concentration needed to perform even simple work tasks" from 6 percent to 33 percent of a typical workday, *id.* at 893 (emphasis omitted). Asked if the Plaintiff's "impairments lasted or can . . . be expected to last at least twelve months," Dr. Jean-Jacques checked the box, "No." *Id.* at 894.

The ALJ deemed Dr. Green's opinion unpersuasive, noting that following his review, additional evidence was received demonstrating that the Plaintiff's cardiac impairments were severe. *See id.* at 38. She found Dr. Hall's opinion persuasive for the period commencing on January 22, 2021, because (1) he had supported it "with a review of the broader file as it existed at the time," (2) it was "consistent with the medical evidence pertaining to the earlier and later periods at issue, which shows

that the [Plaintiff's] cardiac problems did not cause any substantial objective deficits in physical functioning," and (3) Dr. Hall's limitation to light work reasonably accommodated the Plaintiff's cardiac problems and other nonsevere physical impairments for the periods both before and after the closed period of disability. *Id.* at 38-39. She elaborated:

> [W]hile Dr. Jean-Jacques did not assess any longitudinal restrictions following the stenting in 2021, he also did not assess many more restrictions than Dr. Hall, only a change of position, moderate stress work, an unspecified degree of leg elevation for an unspecified amount of time during prolonged sitting, occasional climbing, and occasional postural activities. However, the [Plaintiff's] cardiologist also made it clear that the [Plaintiff] was not experiencing anginal pain, and no longer had marked limitations in physical activity. There were no limitations [in] sitting, standing, or walking, and an exertional cap of 20 [pounds]. Dr. Jean-Jacques checked the box to indicate the [Plaintiff's] impairments were not expected to last at least twelve months. While the undersigned has considered Dr. Jean-Jacque[s]'s opinion, he implies there will be no restrictions at some unspecified point (in less than 12 [months]). Dr. Hall, however, considered more of the [Plaintiff's] impairments, including nonsevere obesity. Thus the undersigned concludes Dr. Hall's opinion is more persuasive here.

*Id.* at 39. The ALJ found that the Jean-Jacques opinion "show[ed] improvement following the [Plaintiff's] stenting" but was "intended to be short-term and accounts for only some of the [Plaintiff's] conditions," as a result of which it was "unpersuasive longitudinally." *Id.*

The Hall opinion does not supply substantial evidence that the Plaintiff was capable four days after his January 18, 2021 stent placement of performing a full range of light work, ending his closed period of disability as of that date. Dr. Hall lacked the benefit of review of later-submitted material evidence that the Plaintiff's condition deteriorated to the point that he could not work, he underwent stent

5

placement, and his treating cardiologist assessed limitations several months afterward. *See, e.g., Cogswell v. Barnhart*, No. 04-171-P-S, 2005 WL 767171, at *3 (D. Me. Mar. 14, 2005) (rec. dec.) (holding in a disability-cessation case that an ALJ erred in relying on the RFC opinion of an agency nonexamining consultant who did not have the benefit of review of subsequent material evidence that the claimant was incapable of standing for more than half an hour at a time), *aff'd*, ECF No. 16 (D. Me. Apr. 4, 2005); *compare, e.g., Anderson v. Astrue*, No. 1:11-cv-476-DBH, 2012 WL 5256294, at *3-4 (D. Me. Sept. 27, 2012) (rec. dec.) (holding that an ALJ supportably relied on the opinions of agency nonexamining consultants who had not seen later-submitted evidence that "was essentially cumulative and, therefore, did not call into question their conclusions regarding the severity of [a claimant's] mental health limitations"), *aff'd*, 2012 WL 5252269 (D. Me. Oct. 23, 2012).

To the extent that, in assessing the Plaintiff's post-surgical RFC, the ALJ relied on the fact that the Plaintiff "had a successful coronary artery stent placement procedure on January 18, 2021, with a three-day recovery," *id*. at 37, the post-surgical activity restrictions with which the Plaintiff was discharged do not speak to the question of RFC, which is defined as "the most" a claimant "can still do" in "a work setting" despite his or her "limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). *See* Record at 974 (advising "[n]o driving or alcohol for 48 hours," "[n]o strenuous activity or heavy lifting, pushing or pulling with the wrist," including refraining "for 72 hours" from "flexing at the wrist" or "lifting more than five pounds," and "gradually resum[ing] normal activities").

Beyond that, in weighing the Hall and Jean-Jacques opinions, the ALJ overlooked a material point: that, per Dr. Jean-Jacques, the Plaintiff's limitations included being off-task from 6 to 33 percent of a workday. *Compare id.* at 39 *with id.* at 893. The vocational expert present at the Plaintiff's hearing testified that the "maximum tolerance for being off task" was "[p]robably about 10 to 12% of the day . . . aside from regular breaks and lunch." *Id.* at 79. Ignoring a material portion of an expert's opinion is in itself reversible error. *See, e.g., Cogswell*, 2005 WL 767171, at *3 (holding that an ALJ's finding that a claimant's condition had improved sufficiently to justify the cessation of benefits was unsupported by substantial evidence in part because the ALJ failed to resolve a material discrepancy between two experts' opinions; observing that "[a] court cannot step into the breach and resolve such a material evidentiary conflict in the first instance on review").

For these reasons, the ALJ's finding that, as of January 22, 2021, the Plaintiff had the RFC to perform light work is unsupported by substantial evidence, requiring remand.

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED** and **REMANDED** for further proceedings insofar as it finds that the Plaintiff's disability ceased as of January 22, 2021, and otherwise **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen*

7

*(14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: February 5, 2024

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
